# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                                 **CASE NO. 1:07CR22-SPM/AK**

**DAVID BUSTAMANTE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On this date, the Defendant, David Bustamante, his attorney, and the attorney for the Government appeared before the undersigned for the purpose of considering Defendant's entry of a guilty plea to Count 1 of the information. The district judge referred this matter to the undersigned for purposes of hearing Defendant's proposed change of plea pursuant to Fed.R.Crim.P. 11 and to enter a report and recommendation as to whether to accept the change of plea. All parties consented to this procedure, and the written consent has been entered.

The Court addressed Defendant personally in open court, and after assuring that Defendant was competent to proceed and had consented to pleading guilty, the Court finds:

    1. Defendant is mentally alert, appears to be reasonably intelligent, and understands the nature of the charges to which he is pleading guilty as well as the consequences of a guilty plea.

2.  Defendant understands that he has a right to persist in his plea of not guilty, to trial by jury, to assistance of counsel at trial, to confront and cross-examine adverse witnesses, and that he has a right against compelled self-incrimination.

3.  Defendant understands the effect of the supervised release term; he understands that the sentencing guidelines suggest a range for her sentence, but that the district judge is no longer bound by those guidelines and may in his discretion sentence him to a term shorter or longer than the range suggested by those guidelines. Defendant also understands that he cannot withdraw her guilty plea if the sentence is not what he expected.

4.  Defendant understands that by pleading guilty, he has waived the right to have a jury determine beyond a reasonable doubt any fact or issue related to sentencing and has agreed to allow the Court to decide by a preponderance of the evidence all facts and issues related to sentencing.

5.  The plea of guilty by the Defendant has been freely, knowingly, and voluntarily made and is not the result of force or threats or of any promises except for those promises contained in the written plea agreement between the parties.

6.  Defendant is competent to plead guilty.

7.  Defendant understands that his answers during the plea colloquy, which were under oath, may be later used against him in a prosecution for perjury or false statement.

8.  There is a factual basis for Defendant's guilty plea.

9.  There is a plea agreement which should be accepted by the district court. Defendant understands the terms of the plea agreement.

10. Defendant has made his decision to plead guilty with the advice and counsel of a competent attorney with whom Defendant acknowledged he was satisfied.

11. Defendant has voluntarily consented to go forward with his plea of guilty before the undersigned. He understands that he has waived the ten-day period for filing objections to this report and recommendation, and he agrees that he has twenty-four hours from receipt of a copy of this report and recommendation in which to file written objections, if any. The United States also consents to this procedure, including the shorter period for objections.

Accordingly, it is **RECOMMENDED** that the Court **ACCEPT** the plea agreement and Defendant's plea of guilty.

**IN CHAMBERS** at Gainesville, Florida, this 6th day of August, 2007.

_____
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO The PARTIES

A party may file specific, written objections to the proposed findings and recommendations within **24 hours** after receiving a copy of ther report and recommendation.

12. Despite accepting responsibility for his part in the conspiracy, Defendant and the Government have not yet determined the number of marijuana plants Defendant was responsible for, but will do so before sentencing.